**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1418-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JESUS RODRIGUEZ,

    Defendant-Appellant.

_____

           Submitted April 8, 2025 – Decided April 24, 2025

           Before Judges Gilson and Firko.

           On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 98-11-4417.

           Jesus Rodriguez, appellant pro se.

           Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Deputy Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Jesus Rodriguez, who is self-represented, appeals from a November 6, 2023 order denying his motion to correct an alleged illegal

sentence. Defendant argues his trial counsel failed to argue for certain mitigating factors at sentencing. We affirm the order.

I.

The salient facts and procedural history are derived from the record on appeal. In November 1998, defendant and nine co-defendants, members of the Latin Kings, were indicted and charged in eighteen counts with six different crimes against four victims, two of whom were murdered. The charges arose out of a gang-related kidnapping and murder in retaliation for a drive by shooting. Defendant was charged with four counts of second-degree conspiracy to commit kidnapping, four counts of second-degree conspiracy to commit murder, two counts of murder, two counts of felony murder, and two counts of attempted murder.

Following a jury trial, defendant was found guilty on all counts. In 2000, defendant was originally sentenced to two consecutive life sentences subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. On direct appeal, we affirmed defendant's convictions but remanded because NERA was misapplied to certain offenses. State v. Romero, Nos. A-4974-99, A-6593-99, A-0282-00, A-0834-00, A-5704-00 (App. Div. Apr. 12, 2004) (slip op. at 1-118). The Supreme Court denied certification. State v. Romero, 181 N.J. 548 (2004).

In 2004, defendant was resentenced to an aggregate sentence of sixty years with sixty years of parole ineligibility for two counts of murder. All of defendant's other convictions were either run concurrently or merged. There is no record that defendant appealed the resentencing.

In March 2005, defendant filed his first petition for post-conviction relief (PCR) alleging constitutionally ineffective assistance of trial, appellate, and PCR counsel, as well as purported trial errors not raised on direct appeal. Following an evidentiary hearing, the first PCR court denied relief and dismissed defendant's petition. We affirmed. State v. Rodriguez, No. A-3656-12 (App. Div. Aug. 26, 2015). The Supreme Court denied certification. State v. Rodriguez, 223 N.J. 558 (2015).

Defendant also filed a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey. That petition was denied. Rodriguez v. Johnson, Civ. No. 16-1315 (KM) (D.N.J. 2019).

In September 2023, defendant filed a motion, which he styled a motion to correct an illegal sentence but was actually a second PCR petition. In his motion, defendant claimed that his attorney failed to argue for mitigating factors: two (defendant did not contemplate that his conduct would cause or threaten serious harm), N.J.S.A. 2C:44-1(b)(2); four (there were substantial

grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense), N.J.S.A. 2C:44-1(b)(4); eight (defendant's conduct was the result of circumstances unlikely to recur), N.J.S.A. 2C:44-1(b)(8); nine (the character and attitude of defendant indicate that he is unlikely to commit another offense), N.J.S.A. 2C:44-1(b)(9); eleven (the imprisonment of the defendant would entail excessive hardship to himself or his dependents), N.J.S.A. 2C:44-1(b)(11); thirteen (the conduct of youthful defendant was substantially influenced by another person more mature than the defendant), N.J.S.A. 2C:44-1(b)(13); and fourteen (the defendant was under twenty-six years of age at the time of the commission of the offense), N.J.S.A. 2C:44-1(b)(14).

On November 6, 2023, Judge Ronald D. Wigler denied the motion without a hearing. In his letter opinion, Judge Wigler determined that defendant did not provide any sentencing transcripts and thus did not provide evidence that the stated mitigating factors were not addressed. The judge determined under Rule 2:4-1, defendant had forty-five days from the day of his resentencing on June 4, 2004, to appeal his sentence and that right "has long passed."

Notwithstanding the procedural bar, the judge addressed the merits of defendant's motion. As to mitigating factor fourteen, the judge highlighted that the statutory amendment was added on October 19, 2020, and only applied

4

prospectively to defendants sentenced on or after its effective date, citing State v. Lane, 251 N.J. 84, 87 (2022). Because defendant was resentenced prior to October 19, 2020, the judge determined that mitigating factor fourteen was inapplicable to his case.

Regarding mitigating factors eight, eleven, and thirteen, the judge noted that the sentencing court had in its possession information pertaining to these mitigating factors. Defendant's date of birth was included in the presentencing report, and the judge reasoned that the sentencing court was aware of defendant's age at the time of sentencing and what age defendant would be upon being released from prison. The judge found the presentencing report also contained information about defendant's family history, including a listing of his children and their ages.

As to mitigating factors two, four, and nine, the judge determined that defendant's counsel was not required to raise legal arguments that would be unsuccessful, citing State v. Worlock, 117 N.J. 596, 625 (1990). The judge rejected defendant's arguments he did not contemplate that his participation in a "light beating" to the victims "would cause or threaten serious harm," and participating in "light beating" was "normal, mandatory[,] and refusal to participate would have exposed [him] to serious harm for violating."

5

The judge noted that participation in an assault, or "light beating" always poses a risk of harm to the individual assaulted; "duress is never an excuse or justification to murder"; and attempting to intervene and stop the murder by assaulting another individual "does not show character and attitude that would indicate being unlikely to commit another offense." A memorializing order was entered. This appeal followed.

> POINT I
>
> THE TRIAL COURT ERRED BY NOT APPLYING R[ULE] 3:29 AS TO POINT I OF [DEFENDANT'S] BRIEF THEREFORE THE APPELLATE DIVISION MUST REMAND FOR AN OPINION CONSISTENT WITH THESE RULES ALLOWING [DEFENDANT] THE RIGHT TO PROPERLY APPEAL BEFORE THIS COURT.
>
> POINT II
>
> THE TRIAL COURT UPON SENTENCING FAILED TO APPLY THE OVERALL FAIRNESS OF THE SENTENCE IN VIOLATION OF [DEFENDANT'S] RIGHT TO DUE PROCESS UNDER BOTH STATE AND FEDERAL CONSTITUTIONAL PROVISIONS.

II.

We first address defendant's contention that his sentence was "not imposed in accord[ance] with the [New Jersey Code of Criminal Justice]."[1] We

---

[1] N.J.S.A. 2C:1-1 to 104-9.

review the disposition of a motion to correct an illegal sentence de novo. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). "There are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019) (citing State v. Schubert, 212 N.J. 295, 308 (2012)).

Importantly for purposes of this appeal, "sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law." Id. at 146. In State v. Acevedo, our Supreme Court emphasized that "an illegal sentence is one that 'exceeds the maximum penalty . . . for a particular offense' or a sentence 'not imposed in accordance with law.'" 205 N.J. 40, 45 (2011) (quoting State v. Murray, 162 N.J. 240, 247 (2000)). Further, the Acevedo Court explained that "contentions regarding consecutive sentences or the absence of reasons for imposition of the consecutive sentences do not relate to the issue of sentence 'legality.'" Id. at 47.

Consequently, the law does not support defendant's argument. His convictions include four counts of second-degree conspiracy to commit kidnapping, four counts of second-degree conspiracy to commit murder, two

counts of murder, two counts of felony murder, and two counts of attempted murder. In 2004, defendant was sentenced to the minimum sentence of thirty years' imprisonment with thirty years of parole ineligibility on each murder conviction as required by N.J.S.A. 2C:11-3(b)(1). The sentences imposed were within the permissible sentencing ranges and, as a result, are not illegal "as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law." Hyland, 238 N.J. at 146.

Defendant's sentences were appropriately run consecutively. N.J.S.A. 2C:44-5(a); State v. Yarbough, 100 N.J. 627, 644-45 (1985). We reject defendant's challenge that his sentence is illegal because the sentencing judge did not comply with Yarbough on remand. Defendant also argues State v. Torres, decided by our Supreme Court in 2020, to support his contention that the absence of reasons for imposition of the consecutive sentences renders his sentence illegal. 246 N.J. 246, 270 (2020). We are unpersuaded.

Furthermore, as we have noted, the Acevedo Court made clear that "contentions regarding consecutive sentences or the absence of reasons for imposition of the consecutive sentences do not relate to the issue of sentence 'legality.'" 205 N.J. at 47. Thus, even assuming for the sake of argument that the Torres requirement to make an explicit statement on "overall fairness"

applies retroactively to a case where the direct appeal process was completed years before Torres was decided, the failure to provide a Torres statement would not in any event render a sentence illegal within the meaning of Rule 3:21-10.

As the judge pointed out, defendant had forty-five days to file a direct appeal from his 2004 judgment of conviction following resentencing under Rule 2:4-1(a). Defendant failed to do so and therefore cannot now raise his arguments concerning mitigating factors. Accordingly, defendant has failed to establish any basis to correct an illegal sentence.

We reiterate that defendant's motion to convert an illegal sentence is a second PCR petition. His arguments are time-barred. Rule 3:22-4(b)(2) states that a second or subsequent PCR petition "shall be dismissed unless" it alleges either: (1) "that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings"; (2) "that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence"; or (3) "that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR]."

Defendant has not established any of these enumerated grounds. Moreover, defendant did not provide the transcripts of his 2004 resentencing hearing. Without those transcripts, defendant's arguments are pure speculation.

Lastly, we reject defendant's argument that the judge failed to comply with Rules 1:7-4 and 3:29. Rule 1:7-4(a) requires courts to "make findings of fact and state [its] conclusions of law." N.J. Div. of Youth & Fam. Servs. v. M.C., 201 N.J. 328, 342 (2010). In so doing, courts "must state clearly [the] factual findings and correlate them with the relevant legal conclusions." Ibid. (quoting Curtis v. Finneran, 83 N.J. 563, 570 (1980)). "Meaningful [] review is inhibited unless the judge sets forth the reasons for his or her opinion." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990).

Initially, we note that we have conducted a de novo review of the record. That review satisfies us that the judge conducted a thorough and meaningful analysis of defendant's motion. In analyzing defendant's motion to correct an alleged illegal sentence, the judge made adequate findings of facts and conclusions of law on each of defendant's contentions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

_M.C. Harley_

Clerk of the Appellate Division

A-1418-23